UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM K. HAND | CIVIL ACTION |
| VERSUS | NO. 20-607 |
| SECURE LENDING INCORPORATED | SECTION "R" (3) |

## ORDER AND REASONS

Defendant, Secure Lending Incorporated ("SLI"), moves to set aside the default entered against it by the Clerk of the Court.[1] Plaintiff, William Hand, opposes the motion.[2] Because SLI has shown good cause to set aside the default, the Court GRANTS the motion.

## I. BACKGROUND

Hand filed this lawsuit on February 19, 2020, alleging that SLI violated the Telephone Consumer Protection Act (TCPA) of 1991, 47 U.S.C. § 227, by initiating "autodialed telemarketing calls" to his cell phone that utilized "prerecorded voice messages" without Hand's consent.[3] Hand asserts that

---

[1] *See* R. Doc. 19.
[2] *See* R. Doc. 20.
[3] R. Doc. 1 at 1, ¶ 1.

he delivered a copy of the complaint to SLI's in-house counsel on February 26, 2020.[4] That same day, SLI's in-house counsel contacted plaintiff's counsel to acknowledge receipt of the complaint and to indicate that SLI needed to obtain local counsel to litigate before this Court.[5] Notwithstanding this exchange between the parties in February 2020, plaintiff did not serve defendant with process until March 12, 2020.[6] SLI's deadline to answer the complaint, therefore, fell 21 days later, on April 2, 2020. *See* Fed. R. Civ. P. 12.

SLI failed to timely file an answer. Instead, on May 6, 2020, more than a month after the answer deadline lapsed, SLI's in-house counsel contacted plaintiff's counsel and requested an informal extension of time, attributing his delay to the difficulty imposed by the COVID-19 pandemic.[7] Specifically, SLI mentions difficulty receiving return calls from prospective counsel in Louisiana in March and April of 2020.[8] Plaintiff's counsel agreed to "giv[e] [SLI] until May 14, 2020, to obtain local counsel and file an answer."[9] SLI's house counsel replied on May 7, 2020, asserting that SLI would be unable to

---

[4]  *See* R. Doc. 20 at 1.
[5]  *See* R. Doc. 19-2 at 1, ¶ 1. SLI's house counsel indicates that he is not licensed to practice in the State of Louisiana. *Id.*
[6]  *See* R. Doc. 8; R. Doc. 20-1 at 2, ¶ 6.
[7]  *See* R. Doc. 19-3 at 4.
[8]  *See* R. Doc. 19-1 at 2.
[9]  *Id.* at 3.

meet the proposed deadline and asked for an extension until June 7, 2020.[10] Plaintiff refused,[11] and on May 27, 2020, Hand moved for the Clerk of this Court to enter a default against SLI pursuant to Federal Rule of Civil Procedure 55(a),[12] which the Clerk entered on May 28, 2020.[13] SLI filed the instant motion to set aside the default on June 26, 2020.[14]

## II.  LEGAL STANDARD

Under Rule 55, which governs defaults and default judgments, "[t]he court may set aside an entry for default for good cause, and it may set aside a final default judgment under Rule 60(b)" Fed. R. Civ. P. 55. "[C]ourts apply essentially the same standard to motions to set aside a default and a judgment by default, [but] the former is more readily granted than a motion to set aside a default judgment." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

In determining whether to set aside a default, courts consider "'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Lacy v. Sitel*

---

10   *See id.* at 2-3.
11   *See id.* at 1-2.
12   *See* R. Doc. 14.
13   *See* R. Doc. 15.
14   *See* R. Doc. 19.

3

*Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Dierschke*, 975 F.2d at 184). "Courts may also consider whether the public interest was implicated, whether there was a significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (citing *Dierschke*, 975 F.2d at 183-84).

Not all of the above factors need be considered. *Id.* If the Court finds that the default was willful, or the defendant has failed to present a meritorious defense, the Court may deny the motion to set aside the default without further analysis. *See Dierschke*, 975 F.2d at 184 ("[W]hen the court finds an intentional failure of responsive pleadings there need be no other finding."); 10A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2697 (4th ed. 2020) ("In most cases . . . the court will require the party in default to demonstrate a meritorious defense to the action as a prerequisite to vacating the default entry or judgment.").

The Court is mindful that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). As a result, "'any doubt should, as a general proposition, be resolved in favor of [the defaulting party] to the end of

4

securing a trial upon the merits.'" *Jenkens*, 542 F.3d at 119 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

## III. DISCUSSION

### A. Willfulness

This Court does not find that SLI's default was *willful*. "A willful default is an 'intentional failure' to respond to litigation." *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008) (quoting *Lacy*, 227 F.3d at 292). Or, put another way, a willful default is a "'conscious decision to evade . . . litigation after being served.'" *Pelican Renewables 2, LLC v. Directsun Solar Energy & Tech., LLC*, 325 F.R.D. 570 (E.D. La. 2016) (quoting *Cooper v. Faith Shipping*, No. 06-892, 2010 WL 2360668, at *13 (E.D. La. June 9, 2010)).

The ongoing contact between the parties cuts against a finding of willfulness. Immediately after receiving a copy of the complaint on February 26, 2020, SLI's house counsel contacted plaintiff's counsel and indicated that SLI would obtain local counsel to represent it before this Court.[15] SLI began searching for local counsel in the last half if March 2020, but it argues that the onset of the COVID-19 pandemic disrupted day-to-day business

---

[15] *See* R. Doc. 20-1 at 2, ¶ 5.

operations at SLI and in Louisiana, frustrating its efforts.[16] SLI next contacted plaintiff's counsel on May 6, 2020, to request an informal extension of time.[17] Taken together, the present record does not demonstrate that SLI was "play[ing] games" with the Court. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292-93 (5th Cir. 2000) (finding that repeated contact between the parties cut against a finding of willful default).

### B. Meritorious Defense

Turning to the next factor, whether SLI has presented a meritorious defense, the Court finds that SLI has alleged facts that, if true, would allow it to prevail on the merits. "In determining whether a meritorious defense exists, '[t]he underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *In re OCA, Inc.*, 551 F.3d at 373 (5th Cir. 2008) (quoting *Jenkens*, 542 F.3d at 122). The defendant must make "clear and specific statement[s] showing, not by conclusion, but by definite recitation of facts . . . that [it has] a valid defense." *Molwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969). Here, SLI argues that it did not use prerecorded messages and that it initiated the calls with the use of "a human interface."[18] These

---

16  R. Doc. 19-2 at 1, ¶ 4.
17  *See* R. Doc. 20-1 at 11.
18  *See* R. Doc. 19-1 at 7.

6

disputed facts are enough to show the possibility of a result "contrary to the result achieved by the default."[19]

### C. Prejudice to the Plaintiff

Setting aside the default would not prejudice the plaintiff's claims. There is no prejudice where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Plaintiff states in a conclusory fashion that "there is significant concern that SLI has not preserved evidence or notified its employees and third-party vendors to preserve evidence." But plaintiff provides no facts in support of his speculation. *Cf. Jenkens*, 542 F.3d at 122 (finding plaintiff's claims of prejudice "ineffectual" because plaintiff merely "refer[ed] to expected difficulties [it] may face if forced to proceed with further litigation.").

In addition, plaintiff argues that it has an upcoming August 18, 2020, deadline to file for class certification and that he has been preparing his class-

---

[19] The TCPA makes it unlawful for an entity to "[i]nitiate . . . any telephone call that . . . constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice . . . without the prior express written consent of the called party. . . ." 47 C.F.R. § 64.1200(a); *see also Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 289 (5th Cir. 2020) ("The TCPA makes it unlawful to make calls using any artificial prerecorded voice to any telephone number assigned to a cellular telephone service without prior consent.").

certification motion "on the basis of the allegations admitted by virtue of SLI's default."[20] As a result, he argues, setting aside the default will require plaintiff to conduct additional pre-certification discovery.[21] This argument is unavailing; plaintiff merely argues that he will be inconvenienced if the Court "require[s him] to prove [his] case." *Lacy*, 227 F.3d at 293. In any event, the Court intents, by separate order, to extend the deadline for class certification motions until it provides a new deadline in its scheduling order.

Finally, the Court notes that the amount of SLI's potential liability weighs in favor of setting aside the default. Plaintiff seeks class certification[22] and hopes to recover statutory damages from SLI in the amount of $1,500 per unlawful telephone call pursuant to 47 U.S.C. § 227(b)(3)(C).[23] An adverse judgment could constitute a significant financial burden for SLI. *See Jenkins & Gilchrist*, 542 F.3d at 122 (noting that the large value of a claim militates in favor of a trial on the merits).

---

20   R. Doc. 20 at 7.
21   *Id.*
22   *See* R. Doc. 1 at 19, ¶ 81.
23   *Id.*

8

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to set aside the default.

New Orleans, Louisiana, this __10th__ day of August, 2020.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE