UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM K. HAND | CIVIL ACTION |
| VERSUS | NO. 20-607 |
| SECURE LENDING INC. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiff William Hand's motion for sanctions against defendant Secure Lending, Incorporated ("SLI"). SLI did not file an opposition to the motion. For the following reasons, the Court denies the motion in part, and orders that the remaining issues are referred to Magistrate Judge Dana M. Douglas.

### I. BACKGROUND

This case is a class action suit alleging that defendant SLI's telemarketing practices violated the Telephone Consumer Protection Act.[1] Plaintiff filed this suit on February 19, 2020.[2] On May 28, 2020, the Clerk of Court entered default judgment against defendant SLI for failure to respond

---

[1] R. Doc. 1.
[2] *Id.*

to the complaint.³ On June 26, 2020, SLI moved to vacate the default judgment,⁴ and the Court granted the motion.⁵ Plaintiff served defendant with its First Set of Interrogatories and Requests for Production of Documents on October 23, 2020.⁶ On February 24, 2021, on motion by plaintiff, Magistrate Judge Douglas compelled defendant to respond to the interrogatories and requests for production.⁷ About two months later, defendant's counsel moved to withdraw from its representation of SLI.⁸ The Court granted the withdrawal⁹ and ordered defendant to inform the Court in writing, by May 28, 2021, of the steps it is taking to secure new counsel.¹⁰

Plaintiff now moves for sanctions against SLI.¹¹ He represents that defendant has, among other issues, failed substantially to comply with Magistrate Judge Douglas's order compelling discovery, as well as this Court's order to provide an update regarding its efforts to secure new representation by May 28. Plaintiff asks the Court to strike SLI's answer to the complaint, and enter a default judgment against SLI on the issues of

---

3   R. Doc. 15.
4   R. Doc. 19.
5   R. Doc. 28.
6   R. Doc. 34-2.
7   R. Doc. 42.
8   R. Doc. 48.
9   R. Doc. 50.
10  R. Doc. 51.
11  R. Doc. 52.

liability and class certification.[12] Defendant did not file an opposition to plaintiff's motion.

On June 3, 2021, two days after plaintiff filed his motion, the Court received a letter from SLI. The letter, dated May 26, 2021, states that "Defendant is . . . seeking new counsel and interviewing other law firms to represent it in this matter."[13] The letter further explains that defendant "is a small company not based in Louisiana and that this matter to date has been extremely costly to the company[,] which has prohibited it from continuing with its most recent counsel."[14] Further, "Defendant believes that a settlement may be more feasible for all parties and . . . is simultaneously attempting to explore and reach a settlement with the Plaintiff."[15]

The Court considers plaintiff's motion for sanctions below.

## II. DISCUSSION

Plaintiff represents that, to date, defendant has failed to: (1) timely respond to the initial complaint, (2) respond to plaintiff's interrogatories and requests for production of documents, (3) comply with Magistrate Judge

---

12 R. Doc. 52-1 at 1-2.
13 R. Doc. 54 at 1.
14 *Id.*
15 *Id.*

3

Douglas's order compelling discovery, and (4) comply with this Court's order that defendant update the Court on efforts to obtain new counsel.[16]

As an initial matter, the first two lapses by defendant have already been adequately addressed by the Court. First, defendant's failure to respond to the complaint resulted in a default judgment against it.[17] The Court later vacated the judgment, and defendant filed its Answer.[18] The Court finds no reason to continue penalizing defendant for its initial failure to respond to the complaint. Second, defendant's failure to respond to plaintiff's interrogatories and requests for documents has also been addressed. Magistrate Judge Douglas's order compelling discovery considered precisely this issue. Therefore, defendant's continued noncompliance, at this point, involves a failure to comply with the discovery order, not the initial discovery deadlines.

Accordingly, the Court confines plaintiff's motion to the question of whether sanctions are appropriate for defendant's failure to comply with court orders. Specifically, the Court must decide whether to impose sanctions for defendant's alleged noncompliance with: (1) Magistrate Judge Douglas's order compelling discovery, and (2) this Court's order that

---

[16] R. Doc. 52-1 at 5-6.
[17] R. Doc. 15.
[18] R. Doc. 31.

4

defendant update the Court on efforts to obtain new counsel. District courts have broad discretion to impose sanctions against parties who fail to comply with court orders. *See* Fed. R. Civ. P. 37(b)(2); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 356-59 (5th Cir. 2020).

As to this Court's order requiring a written update on efforts to obtain new counsel, the Court finds that defendant did not violate this order. While the Clerk of Court did not receive defendant's letter regarding new counsel until June 3, 2021, the letter is dated May 26, 2021, two days before the deadline imposed by the Court. The Court therefore denies plaintiff's request for a sanction based on defendant's noncompliance with this order.

Nonetheless, the record indicates that, as of the date of this order, defendant has yet to enlist new counsel. The Court therefore **ORDERS** that the defendant submit, in writing, no later than **5:00 PM** on **TUESDAY, August 17, 2021**, a statement regarding future representation and the steps it is taking to secure new counsel. Defendant, or defendant's counsel, shall send its written notice to <u>eFile-Vance@laed.uscourts.gov</u>, so as to ensure timely receipt by the Court. If new counsel is engaged prior to August 17, counsel must file a motion to enroll. Failure by defendant to submit the required statement or to enroll new counsel by August 17, 2021 may result in the imposition of sanctions.

Furthermore, all dates and deadlines remain as scheduled in this Court's scheduling order of April 27, 2021.[19] Failure to comply with applicable deadlines may result in the imposition of sanctions, including the entry of a default judgment.

As to defendant's alleged noncompliance with Magistrate Judge Douglas's order compelling discovery, the Court notes that it is the magistrate judge, not this Court, who has thus far overseen the parties' discovery disputes. Therefore, insofar as plaintiff's motion[20] seeks sanctions on the basis of defendant's failure to comply with Magistrate Judge Douglas's February 24 order compelling discovery, the Court **REFERS** the motion to Magistrate Judge Douglas, to assess whether defendant has violated her order, and, if so, what sanctions, if any, shall be imposed.

The Court **FURTHER ORDERS** that, by August 17, or by the date that defendant retains new counsel, whichever is sooner, the parties shall contact Magistrate Judge Douglas to schedule a settlement conference.

---

[19] R. Doc. 47.
[20] R. Doc. 52.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for sanctions is in part DENIED, and in part REFERRED to Magistrate Judge Douglas.

New Orleans, Louisiana, this __5th__ day of August, 2021.

  _____
        SARAH S. VANCE
  UNITED STATES DISTRICT JUDGE