UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM K HAND, individually and on behalf of all others similarly situated** | **CIVIL ACTION** |
| | **NO. 20-607** |
| **VERSUS** | |
| **SECURE LENDING INCORPORATED** | **SECTION "R" (3)** |

# ORDER

Before the Court is a Motion to Fix Attorneys' Fees (Rec. Doc. No. 43) filed by William K. Hand ("Plaintiff"). The motion is opposed. (Rec. Doc. No. 44). Having reviewed the pleadings and the case law, the Court rules as follows.

I. BACKGROUND

Plaintiff brought this litigation as a class action asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. On October 23, 2020, Plaintiff sent interrogatories and requests for production of documents to Defendant, SLI. (Rec. Doc. No. 34-2). Plaintiff granted SLI several extensions of time to provide responses, but SLI ultimately failed to timely respond. On February 3, 2021, Plaintiff filed a motion to compel, which was set for hearing on February 24, 2021. (Rec. Doc. No. 34). The motion to compel requested that this Court: (1) order SLI to respond to Plaintiff's initial discovery, (2) deem waived any objections to Plaintiff's discovery requests that SLI may assert, and (3) award Plaintiff reasonable attorney's fees incurred in bringing this motion. *Id*. On February 16, 2021, SLI filed an opposition to Plaintiff's motion to compel and submitted responses to Plaintiff's interrogatories, lodging numerous objections. (Rec. Doc. Nos. 36 & 36-2). SLI also produced an audio recording. (Rec. Doc. No. 36-1). On February 24, 2021, this Court granted Plaintiff's motion to compel and Plaintiff's request for attorney's fees. (Rec. Doc. No. 42). The order reserved the right of Plaintiff to file the appropriate motion with supporting documentation to recover the costs and fees incurred in the filing of its motion to compel within 15 days. On March

1

11, 2021, Plaintiff filed the present Motion to Fix Attorneys' Fees (Rec. Doc. No. 34).

## II. LAW AND ANALYSIS

### A. The Lodestar Approach

The United States Supreme Court and the Fifth Circuit have oft repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorney fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996);

*Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### i.   Reasonable Hourly Rates

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir 1995).

Plaintiff seeks to recover attorney's fees for two attorneys, Derek Bast and Sean Wagner. Mr. Bast is an associate attorney with six years of experience, and the hourly rate charged for his services is listed as $275.00 Mr. Wagner is a partner with nine years of experience and the hourly rate charged for his services is listed as $325.00. Reviewing the case law in this district, the Court finds that $275.00 per hour for Mr. Bast is unreasonable. *See, e.g., Batiste v. Lewis*, Civ. A. No. 17-4435, 2019 W: 1591951, at *3 (E.D. La. Apr. 12, 2019) (finding hourly rate of $200 for an attorney with five years-experience to be reasonable); *Cuevas v. Crosby Dredging, LLC*, No. CV 18-9405, 2019 WL 2410936, at *3 (E.D. La. June 7, 2019) (finding rate of $195.00 reasonable for attorney that had been practicing for 7 years); *Kennedy v. Generator & Util. Serv. Corp.*, No. CIV.A. 12-2499, 2013 WL 3456974, at *2 (E.D. La. July 9, 2013) (finding hourly rate of $160.00 for an associate with almost six years of experience to be reasonable); *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, No. 09-3822, 2010 WL 2773208, at *6 (E.D. La. July 13, 2010) (Roby, M.J.) (finding a rate of

3

$180.00 reasonable for an attorney who had been practicing for a little over six years); *Marks v. Standard Fire Ins. Co.*, No. 09-1947, 2010 WL 487403, at *2 (E.D. La. Feb. 3, 2010) (Roby, M.J.) (finding that a rate of $185 per hour was reasonable for an attorney with seven years of experience); *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. CV 15-01533, 2020 WL 2857378, at *4 (E.D. La. May 7, 2020), *report and recommendation adopted*, No. CV 15-1533, 2020 WL 2850169 (E.D. La. June 2, 2020) (finding that a rate of $185 per hour is for an attorney with seven years of experience to be reasonable). As such, the Court finds $185.00 per hour to be reasonable considering Mr. Bast's education, experience, and prevailing rates in the community.

Furthermore, the Court finds that the rate for Mr. Wagner should be reduced. *See, e.g.*, *Hubert v. Curren*, Civ. A. No. 18-7069, 2018 WL 4963595 (E.D. La. Oct. 15, 2018) (reducing rate of partner with 17 years of experience from $400.00/hour to $300.00/hour as prevailing rate in this district); *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. CV 15-01533, 2020 WL 2857378, at *4 (E.D. La. May 7, 2020), *report and recommendation adopted*, No. CV 15-1533, 2020 WL 2850169 (E.D. La. June 2, 2020) (finding an hourly rate of $200 for partner with nine years of experience to be reasonable); *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (finding an hourly rate of $200.00 for an attorney with eleven years of experience to be reasonable); *Belfor USA Grp., Inc. v. Bellemeade Partners*, LLC, No. CIV.A 09-0158, 2010 WL 630009, at *3 (E.D. La. Feb. 19, 2010) (finding an hourly rate of $250.00 for attorney with ten years of experience to be reasonable); *Wagner v. Boh Bros. Constr. Co.*, 2012 WL 3637392, at *15 (E.D. La. Aug. 22, 2012) (finding hourly rate of $275 for partner/shareholder with 10 years of experience to be reasonable). As such, with 9 years of experience, the court finds Mr. Wagner's rate of $325.00 per hour to be unreasonable. This Court finds $225.00 per hour is a reasonable rate in this district.

    **ii.**    **Reasonable Hours Expended**

The party seeking the fee bears the burden of documenting and supporting the reasonableness of *all* time expenditures for which compensation is sought. *Hensley*, 461 U.S. at 437. (emphasis added). The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434. Hours that are not properly billed to one's client are also not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make requests that demonstrate "billing judgement." *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No. 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Mr. Hand contends that his counsel provided a total of 29.3 hours of legal services in conjunction with "preparing and pursuing its Motion to Compel," which equates to $8,507.52 in attorneys' fees. (Rec. Doc. No. 43 at p. 1). Mr. Hand contends, however, that in the exercise of billing judgment counsel excluded time spent by paralegals and local counsel from the request.

While the Court agrees that some level of billing judgment was exercised, the Court finds that the request still contains several lingering entries from February 19, 2020, through February 22, 2020, with no indication of why additional time was necessary for each task on subsequent days. For example, beginning February 19, 2020, Mr. Bast spent 2.0 hours "analyzing authorities cited in defendant's response to motion to compel and conduct[ing]

5

related research" (Rec. Doc. No. 43-3 at p. 2).  On that same day, Mr. Bast spent an additional 3.0 hours to "draft reply memorandum for Motion to compel." (Rec. Doc. No. 43-3 at p. 2). Further, Mr. Wagner's February 20, 2021 entry of 3.5 hours provides, "Review and revise reply in support of motion to compel and research additional authorities" (Rec. Doc. No. 43-3 at p. 2). Mr. Bast then states on his February 21, 2020, entry, "revises reply memorandum and research additional authorities regarding waiver of defenses in response to Defendant's late Interrogatory Responses." (Rec. Doc. No. 43-3 at p. 2). Finally, in Mr. Bast's February 22, 2020, entry of 1.1 hours, he "finalized reply brief, motion for order for filing" (Rec. Doc. No. 43-3 at p. 2). This was after Mr. Wagner spent 0.8 hours on February 21, 2020 to "review, revise and finalize reply in support of motion to compel." These entries total 9.8 hours, which the Court finds to be unreasonable considering other decisions in this district. (Rec. Doc. No. 43-3 at p. 2). Additionally, Mr. Bast listed two duplicate entries on February 23, 2021, for 1.5 hours and February 24, 2021, for 2.7 hours both labeled "prepare for hearing on Motion to compel." (Rec. Doc. No. 43-3 at p. 2).

The Court, therefore, finds that the 29.3 hours submitted in connection with the filing of the underlying motion to compel is not reasonable. Upon review of the motion itself, the Court notes that it is a standard, non-complex motion. The Court agrees with Defendant SLI that courts in this circuit have found that such tasks should reasonably take significantly less time. *Ivy v. Tran,* No. CV 20-1475, 2021 WL 1428877, at *3 (E.D. La. Apr. 15, 2021) (finding 5.8 hours on a motion to compel not reasonable); *Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (holding that 1.5 hours to draft a motion to compel, .40 hours conferring with opposing counsel, .10 hours corresponding about the motion to compel, .10 reviewing correspondence about the motion to compel, and .10 hours review a motion to compelare all

reasonable); *Teles v. Liberty Mut. Fire Ins. Co.,* No. 06-11250, 2008 WL 425534 (E.D. La. Feb. 12, 2008) (holding that 1.5 hours to prepare a motion to compel for one attorney and 2.0 hours to prepare a motion to compel for another attorney, including communication regarding late discovery, drafting, revising, and filing, was reasonable).

Mr. Bast also seeks fees for 4.8 hours of time spent in the drafting, preparing, and filing of the instant motion to set fees. Courts in this district have found that 1.5 hours is a reasonable amount of time to draft and file a motion to fix attorneys' fees. *See Picard v. St. Tammany Par. Hosp.,* No. Civ, A, 08-824, 2009 WL 911003, at *4 (E.D. La. Mar. 27, 2009); *Williams v. Res-Care, Inc.,* No. CV 17-10200, 2020 WL 4816141, at *4 (E.D. La. Aug. 19, 2020) ("The Court is of the opinion that 8.0 hours to draft a motion to fix attorneys' fees is quite excessive."); *Adams v. City of New Orleans,* No. CIV.A. 13-6779, 2015 WL 4606223, at *4 (E.D. La. July 30, 2015) (finding that 4.05 hours is a reasonable amount of time to spend on the type of work subject to filing the motion to compel *and* the motion to fix attorney's fees) (emphasis added) (citing *Daggs v. Lexington Ins. Co.,* No. 07-7991, 2009 WL 5171392 at *2 (E.D. La. Dec. 17, 2009) (holding that 1.2 hours to prepare a motion to fix attorney's fees and 1.2 hours to prepare a motion for sanctions is reasonable)). The Court finds that a downward adjustment is necessary and, therefore, awards 4.8 hours in connection with the underlying motion to compel, reply memorandum and the instant motion to fix attorneys' fees for Mr. Bast. The Court will award an additional hour for reviewing Mr. Bast's work on the motion to compel and reply memorandum.

### III.     Adjustment of the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). However, "the Supreme Court has limited greatly the use of the second, third,

eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds an adjustment of the lodestar is not warranted.

### IV.  Total

For the foregoing reasons, the Court finds that the lodestar is:

|  | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| **Derek Bast** | 4.8 | $185.00/hour | $888.00 |
| **Sean Wagner** | 1.0 | $225.00/hour | $225.00 |
| **Lodestar** |  |  | **$1,113.00** |

### V.  CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the **Motion to Fix Attorneys' Fees (Rec. Doc. No. 43)** is **GRANTED.** Plaintiff William K. Hand is awarded reasonable attorneys' fees in the amount of **$1,113.00**.

**IT IS FURTHER ORDERED** that defendant, Secure Lending Incorporated, shall satisfy its obligation to Plaintiff no later than **twenty-one (21) days** from the issuance of this Order or by Wednesday, December 1, 2021.

New Orleans, Louisiana, this 10th day of November, 2021.

*[signature: Dana M. Douglas]*

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**